J. Nevin White Lumber Co., Inc., Appellant *v.* William H. Sheriff et al., Appellees.

J. Nevin White Lumber Co., Inc., Appellant *v.* William H. Sheriff et al., Appellees.

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

502

*Arthur A. Kusic, Kusic and Lappas, P.C.,* for appellant.

*William R. Bunt,* for appellees.

OPINION BY JUDGE ROGERS, July 14, 1981:

J. Nevin White Lumber Co. (White) has appealed two orders entered in the Court of Common Pleas of Perry County in an equity suit brought by it against Southwest Madison Township and its supervisors. The appellant principally sought injunctive relief in the form of an order which would direct the defendants to permit the appellant to use three township bridges, two having an eight ton and the third a three ton capacity, with its logging trucks weighing more than thirty-six tons. We will affirm the operative order—the subject of the appeal to No. 2007 C.D. 1980 —on the chancellor's opinion. We address procedural difficulties as follows:

After trial, the chancellor on June 26, 1980, filed an order denying relief and dismissing the complaint, accompanied by an opinion containing extensive findings of fact, conclusions of law and discussion of the issues.

The chancellor's order was in final form; specifically it was not in the form of a decree nisi as required by Pa. R.C.P. No. 1517. White appealed the June 26, 1980, order to this court and it is the subject of the appeal at No. 1641 C.D. 1980. The township filed a motion to dismiss this appeal for the failure of White to file exceptions to the order in the court below. The chancellor, realizing that his order of June 26, 1980, was not in proper form, vacated that order and entered a decree nisi. Quite properly he did not file a new opinion (or adjudication), because the opinion filed with the June 26, 1980, order contained all of the necessary elements of an adjudication.

White then filed exceptions to the decree nisi and the adjudication (opinion) in the court below which were dismissed by order of August 18, 1980, rendering the decree nisi the final order. White then appealed this order to No. 2007 C.D. 1980. The township has filed a motion to quash this second appeal on the ground that the chancellor was without authority to vacate his first order and enter a decree nisi conforming to the Rules of Civil Procedure after the appeal from the first order was filed in this court.

The township's position seems to be that there may be no review at all in this court although the appellant has filed timely appeals to both orders below (1) because the appellant failed to file exceptions to the first order of June 26, 1980, and (2) because the court below had no authority to make the second order of August 18, 1980. By order dated October 15, 1980, we dismissed the motion to dismiss the first appeal. We conclude that the motion to quash the second appeal should be dismissed on the ground that the lower court had authority under Pa. R.A.P. 1701(b)(1) to correct the defect in the form of its first order by vacating it and substituting an order (decree nisi) in proper form.

Hence, we quash the appeal to No. 1641 C.D. 1980, from the June 26, 1980 order vacated below; we dismiss the township's motion to quash the appeal to No. 2007 C.D. 1980; and we affirm the order of August 18, 1980, appealed to No. 2007 C.D. 1980 on the comprehensive opinion of the chancellor, Judge KEITH B. QUIGLEY, filed in the court below.

ORDER

AND Now, this 14th day of July, 1981, it is ordered that the appeal to No. 1641 C.D. 1980 be and it is quashed; that the appellees' motion to quash the appeal to No. 2007 C.D. 1980 be and is dismissed; and that the order of August 18, 1980, appealed to No. 2007 C.D. 1980 be and the same hereby is affirmed.